Order Form (01/2005)

Case 1:08-cv-02441   Document 15   Filed 07/14/2008   Page 1 of 2



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2441 | DATE | July 14, 2008 |
| CASE TITLE | United States ex rel. Curtis Smith (#228499) vs. United States Government, et al. | | |

**DOCKET ENTRY TEXT**

Petitioner's application to proceed *in forma pauperis* [10] is granted. Petitioner's petition for *habeas corpus* [1] and amended petition for *habeas corpus* [13] are dismissed for lack of jurisdiction. Petitioner's motion for appointment of counsel [11] is denied as moot.

■ [ For further details see text below.]   */s/ Wm. J. Hibbler/*   Docketing to mail notices.

## STATEMENT

Petitioner, Curtis Smith, brings this *pro se* petition for a writ of *habeas corpus*. Petitioner seeks to file his petition *in forma pauperis* and he also seeks the appointment of counsel. Petitioner is indigent and the Court grants his application to proceed *in forma pauperis*.

On April 11, 2008, a jury in the United States District Court for the Northern District of Illinois convicted Petitioner of: (1) possession of a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and (2) possession with intent to distribute narcotics (Case No. 06 CR 0441). On April 18, 2008, Petitioner filed a petition for a writ of *habeas corpus* regarding his conviction in Case No. 06 CR 0441, without paying the required filing fee or an application to proceed *in forma pauperis*. The Court allowed Petitioner twenty-one days to pay the filing fee or to file an application to proceed *in forma pauperis*. Subsequently, Petitioner filed an application to proceed *in forma pauperis*, which this Court grants. Petitioner's sentencing in Case No. 06 CR 0441 is scheduled for October 8, 2008.

Petitioner also filed an amended petition for writ of *habeas corpus* and a motion for appointment of counsel. Petitioner's amended petition attacks his conviction in Case No. 06 CR 0441, but also references a state conviction, Case No. 05 CR 5199, and a federal civil action, Case No. 07 CV 5794. Petitioner may not bring a single *habeas corpus* petition attacking a federal conviction and an unrelated state conviction and/or civil action. Accordingly, the Court proceeds on Petitioner's writ of *habeas corpus* as to his federal conviction in Case No. 06 CR 0441.

Both the original and the amended petition state that Petitioner seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. However, Section 2254 applies to a petitioner in custody pursuant to judgment of a state court. *See* 28 U.S.C. § 2254. Here, Petitioner is in custody pursuant to conviction in federal court; thus, Section 2254 is not applicable, and Petitioner must proceed (if at all) under either Section 2241 or 2255.

Petitions under Section 2255 challenge the validity of a prisoner's conviction or sentence, while petitions under Section 2241 challenge the execution of the sentence, such as an unlawful deprivation of

08C2441 United States ex rel. Curtis Smith (#228499) vs. United States Government, et al.   Page 1 of 2

## STATEMENT

good-time credits. *See Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir 2000); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). A review of Petitioner's petitions demonstrate that Petitioner is challenging his conviction. It is impossible for Petitioner to be challenging his sentence or the execution of that sentence because Petitioner has not yet been sentenced. Thus, Petitioner's petition must be construed as seeking relief pursuant to Section 2255.

However, Petitioner cannot proceed under Section 2255 because he has not been sentenced on his federal conviction. *See* 28 U.S.C. § 2255(a) ("**A prisoner in federal custody under sentence of a court established by Act of Congress claiming the right to be released . . . .**") (emphasis added). Furthermore, the "savings clause" in Section 2255 does not provide Petitioner relief. Section 2255 contains a "savings clause" that permits prisoners to proceed under Section 2241 in those cases where Section 2255 is "inadequate or ineffective to test the legality of [the] detention." *See* 28 U.S.C. § 2255(e); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Section 2255 is not inadequate or ineffective to test the legality of Petitioner's claims, his claims are simply premature under Section 2255. Accordingly, Petitioner's writ of habeas corpus is dismissed for lack of jurisdiction. Petitioner's motion for appointment of counsel is denied as moot.